GRAY, HAIGHT, VANN, WILLARD BARTLETT, HISCOCK and COLLIN, JJ., concur.

Judgment of conviction reversed, etc.

In the Matter of the Transfer Tax upon the Estate of WILLIAM H. BURGESS, Deceased.

CORA L. BURGESS et al., as Executors, Appellants; THE COMPTROLLER OF THE STATE OF NEW YORK, Respondent.

Transfer tax — tax upon property to be transferred under power of appointment — when tax is to be imposed — rate of tax.

1. Under the provisions of sections 220 and 230 of the Tax Law (Cons. Laws, ch. 60) property passing under a power of appointment should be taxed on the transfer by the exercise of that power, the same as if the donee of that power was the owner of the property; and hence the remainders are not taxable until the death of such donee, but this rule applies only where there is an absolute gift of a power of appointment, so that the property is certain to pass either under the exercise or non-exercise of the power.

2. The court, in determining what should be the rate of the tax when the property is not certain to so pass, must look at the persons to whom the property may in any contingency pass, on the assumption that the power of appointment never will vest in any of the appointees. Upon examination of the terms of the will in question, *held*, that in no contingency can any person succeed to the remainder under the will — apart from the exercise or non-exercise of the power of appointment — except the lineal descendants

of the testator taxable at the rate of one per cent, subject to future contingencies as to the succession to the property in case the power of appointment vests.

*Matter of Burgess*, 146 App. Div. 348, modified.

(Argued January 10, 1912; decided January 23, 1912.)

APPEAL from an order of the Appellate Division of the Supreme Court in the second judicial department, entered July 27, 1911, which affirmed an order of the Nassau County Surrogate's Court assessing a transfer tax upon the estate of William H. Burgess, deceased.

The facts, so far as material, are stated in the opinion.

*Albert Stickney* and *Harold Russell Griffith* for appellants. The assessment of the tax on the remainders is governed by subdivision 6 of section 220 of the Transfer Tax Law. (*Matter of Howe*, 86 App. Div. 286; 176 N. Y. 570; *Matter of Buckingham*, 106 App. Div. 13; *Matter of Seavey*, 68 App. Div. 283; *Matter of Dows*, 167 N. Y. 227.) The affirmance of the order upholding the tax at the five per cent rate as to the entire shares passing to the life tenants would result in the payment of a double tax to the state. (*Matter of Seavey*, 68 App. Div. 283; *Matter of Buckingham*, 106 App. Div. 13; *People ex rel. N. Y. R. E. Assn.* v. *Barker*, 29 App. Div. 325; *People ex rel. N. Y. C. & H. R. R. R. Co.* v. *Roberts*, 32 App. Div. 113; *Tennessee* v. *Whitworth*, 117 U. S. 129.)

*Henry P. Keith* for respondent. The transfer tax in this estate was properly assessed. Section 230 of the Transfer Tax Act is applicable to the case at bar, and subdivision 6 of section 220 of the Transfer Tax Act is inapplicable thereto. (*Matter of Vanderbilt*, 172 N. Y. 69; *Matter of Brez*, 172 N. Y. 609.) The provisions of subdivision 6 of section 220 of the Transfer Tax Law apply only to the vested powers of appointment of a life

tenant and not to the contingent powers of appointment
of a contingent remainderman. (*Matter of Seavey*,
63 App. Div. 283; *Matter of Walworth*, 66 App. Div.
171.)

CULLEN, Ch. J.    The will of the deceased, so far as
material to the controversy before us, after directing his
executors to set aside a fund of $50,000 for the benefit of
each of his daughters, the income thereof to be paid to
said daughter during her life, gave all the residuary estate
to his executors in trust to pay the net income to the
testator's wife during her life or widowhood, and upon
her death or remarriage he directed his said executors to
divide said trust fund (with the exception of the sum of
$10,000) "into as many shares as I may have daughters
living at the time of such division, and then living issue,
collectively, of any then deceased daughter, and to set aside
one share for the issue collectively of any then deceased
daughter, and pay over the said share to such issue in equal
shares, so that each set of issue will receive one share, per
stirpes; and to set aside one share for the benefit of each of
my said daughters then living and to have and to hold the
same In Trust, nevertheless, to and for the following uses
and purposes, namely: — to invest and keep the same
invested, to receive the rents, issues and profits, and to pay
the net rents, issues and profits so received to the daughter
for whose benefit the said share shall be so set aside,
during the term of her natural life, and on her death, to
pay over the principal so held in trust, together with the
sum of Fifty thousand dollars also set apart for her benefit
as provided by the Third clause of this will to such person
and in such manner as she may in and by her last Will and
Testament, properly executed by her, duly appoint, or in
default of such appointment, either as to the whole or
any part thereof, then to the extent to which no appoint-
ment shall be made, to her issue her surviving per stirpes,
or in default of both such appointment, either as to the

whole or any part thereof, and of issue, then to the extent to which no such appointment shall be made, to such persons as would be entitled to receive the same if she had died intestate possessed of the principal of said trust estate (and for the purposes of ascertaining the persons who would be so entitled to receive the same, the entire principal of the trust estate shall in that event be deemed to be personal property)."

The testator left his widow and three daughters him surviving. The surrogate held the remainders in the trust funds of $50,000 each to be subject to taxation only at the respective deaths of the equitable life tenants. He held that the remainder in the residuary estate after the death of the wife to be presently taxable and imposed the tax at the rate of five per cent. The executors appealed from so much of the decree as imposed a tax of five per cent upon the remainder of the residuary estate. No appeal was taken by the comptroller.

The question presented in this appeal is not free from doubt. Its determination depends on what section of the Tax Law is deemed to be applicable to the case. Under the statutes that first imposed taxes on succession either under testamentary dispositions or intestacy laws, it was held that contingent remainders or remainders technically vested, but subject to be divested, and, therefore, in the broad sense, contingent, could not be taxed until they indefeasibly vested. (*Matter of Curtis*, 142 N. Y. 219.) Subsequently it was held that the exercise of a power of appointment did not subject the property passing thereunder to a succession tax, where the source of the power was a will prior to the enactment of the Transfer Tax Law. But in 1897 the statute was changed so that section 220, subd. 6, now provides: "Whenever any person or corporation shall exercise a power of appointment derived from any disposition of property made either before or after the passage of this chapter, such appointment when made shall be deemed a transfer taxable under the provisions of

this chapter in the same manner as though the property to which such appointment relates belonged absolutely to the donee of such power and had been bequeathed or devised by such donee by will;" and where the property passes by failure to exercise the power of appointment, the persons succeeding thereto by such failure shall be considered as having taken the property from the donee of the power. Still later section 230 was amended so as to provide that "When property is transferred in trust or otherwise, and the rights, interest or estates of the transferees are dependent upon contingencies or conditions whereby they may be wholly or in part created, defeated, extended or abridged, a tax shall be imposed upon said transfer at the highest rate which, on the happening of any of the said contingencies or conditions, would be possible under the provisions," of the act, which tax is made payable forthwith by the executors or trustees out of the property transferred. The amendment of these two sections abrogated the rules declared in the decisions cited. In *Matter of Vanderbilt* (172 N. Y. 69) the validity of section 230 was upheld and it was decided that under its provisions the tax was immediately payable out of the estate, to be computed at the highest rate at which under any contingency provided in the will the property might be taxable. The will in that case gave no power of appointment. Later the case of *Matter of Howe* (86 App. Div. 286) arose. There the gift was in trust to one Leavitt Howe for life, remainder to such persons as by his last will he might appoint. It was held by the Appellate Division, Justice WILLARD BARTLETT, then in the Supreme Court, writing the opinion, that the amendment of section 230 did not repeal or render nugatory the provisions of section 220, that property passing under a power of appointment should be taxed on the transfer by the exercise of the power of appointment the same as if the donee of the power was the owner of the property, and that hence the remainders were not taxable until the

death of such donee. The decision was affirmed by this court on that opinion. (176 N. Y. 570.)

Under that authority it is clear that the decision of the surrogate that the remainders in the several $50,000 trust funds were not presently taxable was correct. The embarrassment as to the taxation of the remainders in the residuary estate is caused by the fact that it is not certain whether there will be any power of appointment to be exercised over the whole or any part of the residuary estate. The executors are to divide the property into as many shares as there may be living daughters or issue of a deceased daughter at the death of the widow. If at such time any daughter shall have died leaving issue then surviving, such issue will inherit directly under the will and not by virtue of the exercise or non-exercise of any power of appointment, and such inheritance will comprise a part or the whole of the property, dependent on whether any of the other daughters shall survive that period. If none of the daughters shall live until that time, none will have any power of appointment. The result would be that if the rule of *Matter of Howe* (*supra*) was applied to the present case the remainders might escape taxation altogether. For that reason the learned courts below held that the rule applies only where there is an absolute gift of a power of appointment, so that the property is certain to pass either under the exercise or non-exercise of the power of appointment, and that the case before them was not within the rule. In this view we concur.

But the question still remains at what rate this remainder is taxable. The courts below have imposed the tax at the rate of five per cent, on the assumption that under the terms of the will the property may pass to collaterals or strangers, transfers to whom are taxable at that rate. We think this ruling erroneous. In determining what should be the rate of the tax we must look at the persons to whom the property may in any contingency pass, on the assumption that the power of appointment never

1912.]          Opinion, per CULLEN, Ch. J.          [204 N. Y.]

will vest in any of the daughters.   For if the assumption is to be the reverse, that the power will vest in one of the daughters, then the rule in the *Howe* case must apply and the remainder would not be presently taxable, but only on the death of the daughter.   Should the contingency occur that no daughter survives the widow, the issue of the daughters, if any, would take.   There is no direction to be found in the will as to where the property shall go in the contingency that neither daughter nor issue of daughter survive the widow.   It cannot be successfully maintained that the provision of the will that the share of the daughter shall pass "to such persons as will be entitled to receive the same if she died possessed of the principal of the trust estate" is applicable.   "The same" is the share which the executors are directed to carve out of the residuary estate in favor of a daughter only if she survives the widow, and if the daughter does not so survive, there will be no such share.   The gift to the next of kin of a daughter is conditioned only on the failure of a daughter to exercise the power of appointment, and such a condition can be operative only in case a daughter has a power of appointment to exercise — which she will not have unless she survives the widow.   It follows that the testator died intestate as to the remainder in the contingency of no daughter nor issue of daughter surviving the widow, and that that contingent interest passed immediately on his death to his widow and daughters.   Therefore, in no contingency can any person succeed to the remainder under the will — apart from the exercise or non-exercise of the power of appointment — except the lineal descendants of the testator taxable at the rate of one per cent.   Should the power of appointment vest, as probably it will, in any or all of the daughters, then on their respective deaths their several shares will under section 220 be taxable at rates dependent on the consanguinity to the daughter of those who succeed to the property either by the exercise or non-exercise of the power.   In the impo-

sition of such tax credit will probably be given to the tax now paid, but it is unnecessary at the present time to determine that question.

·The decree of the surrogate and order of the Appellate Division should be modified so as to tax the remainder in the residuary estate at the rate of one per cent, and as so modified affirmed, without costs to either party in this court.

HAIGHT, VANN, WERNER, WILLARD BARTLETT, CHASE and COLLIN, JJ., concur.

Ordered accordingly.