as subdivision 1 of section 501, should be in existence at the time the action was commenced, and that case was followed as an authority on that point by Mr. Justice Ward in Corrigan v. Ritter (Sup.) 15 N. Y. Supp. 163. Moreover, it appears that this is the construction which has been adopted by the courts in three sister states where identically the same statutory provisions have been enacted, evidently copied verbatim from our Code of Civil Procedure. Slaughter v. Machine Co., 148 N. C. 471, 62 S. E. 599; Smith v. French, 141 N. C. 1, 53 S. E. 435; Stinnett v. Noggle, 148 Wis. 603, 135 N. W. 167; Hyman v. Jockey Club Co., 9 Colo. App. 299, 48 Pac. 671. The learned court at Special Term was therefore right in denying the motion.

It follows that the order should be affirmed, with $10 costs and disbursements. All concur.

---

## In re LANE'S ESTATE.

(Supreme Court, Appellate Division, First Department. July 10, 1913.)

1. WILLS (§ 692*)—CONSTRUCTION—POWER OF APPOINTMENT.

 A will whereby testator gave property to trustees, with directions to pay the income to his three children and the children of any deceased child, and to divide the estate after the death of the surviving child on the grandchildren attaining full age, and which authorizes each child to dispose by will of the one-third of the property held in trust and remaining on the termination of the life estate, gives the children power of appointment, and, in default of its exercise, the remainder will go to the issue of the children.

 [Ed. Note.—For other cases, see Wills, Cent. Dig. § 1654; Dec. Dig. § 692.*]

2. TAXATION (§ 885*)—TRANSFER TAX—PROPERTY SUBJECT TO.

 Where beneficiaries under a will creating a trust to pay the income to them for life, and empowering them to dispose of the property by will, and declaring that, in default of the exercise of the power, the remainder should go to their issue, the payment of a transfer tax on the remainder was suspended under Consol. Laws 1909, c. 60, § 220, as amended by Laws 1910, c. 706, until the power of appointment was exercised; since it was the exercise of the power, and not its creation, which affected taxable transfer.

 [Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 1706, 1707; Dec. Dig. § 885.*]

Appeal from Order of Surrogate, New York County.

In the matter of the transfer tax on the estate of Elizabeth D. G. Lane, deceased. From an order of the surrogate modifying an order entered on report of transfer tax appraiser, the State Comptroller appeals. Reversed, and objection of State Comptroller overruled, and original order reinstated.

Argued before INGRAHAM, P. J., and LAUGHLIN, SCOTT, DOWLING, and HOTCHKISS, JJ.

Percy D. Trafford, for appellant.
Thomas B. Casey, of New York City, for respondent.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

DOWLING, J.  This is an appeal from an order of the Surrogate's Court, dated August 5, 1912, modifying the decretal portion of an order of the same court, made February 6, 1912, by adjudging that the tax to be levied upon the three respective remainders, after the chief and surviving life estates of Wolcott G. Lane, Sarah S. Lane, and Elizabeth G. L. Moss, was presently payable, and not to have payment thereof suspended, as had theretofore been reported by the appraiser herein.

[1] This appeal involves the construction to be placed upon the will of the decedent, by which she undertook, among other things, to dispose of a fund received by her from her father, Charles C. Griswold, wherein she and her sister, Sarah J. G. Spencer, were the life tenants. The second article of her will recited the advice which she had received from counsel that the ultimate disposition in her father's will was void and of no effect, and that as to said remainder he died intestate; she being entitled to a share therein.  She then undertook to dispose of said fund with the exception of $5,000 (which she left to her daughter, Sarah S. Lane, absolutely) by devising and bequeathing the same as to her trustees in trust to pay over the net income therefrom, in equal shares, to each of her children, Elizabeth G. L. Moss, Walcott G. Lane, and Sarah S. Lane.  She then provided that upon the death of any child before her, leaving issue which should survive the testatrix, or upon the death of any child after her, leaving issue, the net income to which the deceased child would have been entitled, if living, should be divided per stirpes, and not per capita, among said issue. Upon the death of the last survivor of her three said children, she gave, devised, and bequeathed one-third part of the principal of such trust estate to and among the then surviving issue of each of her deceased children, in equal shares, per stirpes and not per capita, provided that they should not receive the principal of their shares until they had reached the age of twenty-one years.  After making various other provisions intended to cover the possible cases of the death of a child survived by a husband or wife only, and of the death of a child without issue and unmarried, she thus provides at the end of the said second article:

"I hereby authorize and empower each of my said children to dispose by his or her last will and testament, executed after my death, to and among such person or persons and in such way or manner as he or she may think proper, the whole or any part of one equal third part of the principal of said property so held in trust as aforesaid, and remaining upon the termination of all of said life estates."

We are of the opinion that, in view of the clear and unambiguous language of this fourth paragraph just cited, there can be no question of the right of the children of the testatrix to execute the power of appointment thus conferred.  Had there been no power of appointment thus given, the remainders would have absolutely vested in the children of the testatrix.  The inclusion of the clause giving the remainder to the issue of the children in the face of this power of appointment may be explained by the desire of the testatrix to avoid intestacy as to any of her estate in case the power of appointment

should not be exercised. In any event, the only intent upon the part of the testatrix which can fairly be spelled out from this will is that she gave the power of appointment to her children, and in default of its exercise only was the remainder to go to their issue.

[2] The law applicable to the taxation of this estate is to be found in chapter 62, Laws of 1909 (Consol. Laws 1909, c. 60) § 220, for the amendment made by chapter 706, Laws of 1910, under the stipulated facts herein did not take effect until after the death of the testatrix. Under the law as it stood at the time of Mrs. Lane's decease, no transfer tax could be imposed until the power of appointment had been exercised, for it was the exercise of that power and not the creation of the power itself which effects the transfer which the statute makes taxable. See Matter of Howe, 86 App. Div. 286, 83 N. Y. Supp. 825; Matter of Burgess, 204 N. Y. 265, 97 N. E. 591.

The order appealed from will therefore be reversed, with $10 costs and disbursements, and the objection of the State Comptroller to the suspension of the taxation upon said remainders overruled, which leads as well to the reinstatement of the original order of February 5, 1912. All concur.