Matter of the Appraisal for Taxation of the Estate of NATHANIEL HATHAWAY, Deceased.

(Surrogate's Court, Suffolk County, April, 1918.)

Transfer tax — wills — appraiser — remainders — trusts — Tax Law, § 230.

Section 230 of the Tax Law applies to transfers of interests in estates presently contingent, not those which are remotely possible, and where the different probable contin-

gencies such as the death of a child or lineal descendant of the decedent are provided for in his will, in each case the property going to a child or lineal descendant, neither the remainders of the residuary estate nor the remainders of funds held in trust for the children of decedent are taxable at the rate of five per cent to "persons not now determined."

APPEAL from an order assessing and fixing the transfer tax.

William H. Robbins, for state comptroller.

Wilson M. Powell, for the estate.

STRONG, S.   The appraiser in fixing the tax on the remainders in this estate has reported these remainders as being contingent and subject to tax as against " persons not now determined " and the formal order entered on the appraiser's report has assessed the remainders at the highest possible rate.   An appeal has been taken to the surrogate and the entire question now comes up on review.   The question on review is the taxing of the remainders of the trust funds held for Sylvia Hathaway Evans and for Nathaniel Hathaway, Jr., at the highest possible rate to " persons not now determined," and also the taxing of the remainder of the residuary estate at the highest possible rate to " persons not now determined."   The 2d paragraph of the will and the 4th paragraph of the will have to do with the trust estates.

" *Second.* I give to my trustee hereinafter named four sums of one hundred thousand dollars ($100,000) each (less only such deductions for advancements as is hereinafter provided for) to be severally held by him as trust funds for the benefit of my four children, Susan H. Thurston, Margaret V. Hathaway, Sylvia

Hathaway and Nathaniel Hathaway, Jr., respectively, upon the following trusts as to each of said funds:

"(a) During the minority of the child for whom such fund shall be held, to pay over to the guardian of such child the whole current income therefrom.

" (b) After such child shall have reached the age of twenty-one years, to pay over to such child the whole of the current income from such fund until such child shall have attained the age of thirty years.

"(c) When such child shall have attained the age of thirty years, to pay over to such child the entire principal of said fund together with all increase and accumulation thereof.

" *Fourth.* In case any of my four children above named shall not survive me, or shall die after me but before attaining the age of thirty years, I direct that the trust fund provided by the second paragraph of this will for the benefit of such child shall be disposed of as follows:

"(a) If such child shall die before me leaving issue who survive me, said trust fund shall be held by said trustee in trust for the benefit of such issue in equal separate shares upon the same trust in respect to each of said issue as were provided in the second paragraph of this will in respect of the parent of such issue.

"(b) If such child shall die after me leaving issue him or her surviving, then after the death of such child said Trustee shall continue to hold said fund in trust for the benefit of said issue in equal separate shares, and shall during the minority of each of said issue pay over to the guardian of such issue the whole current income from its share of said fund; and when each of said issue shall have attained the age of twenty-one years, the share of said fund held for its benefit shall be paid over to such issue absolutely; provided however that the trust or trusts for such issue under this sub-division (b) of the Fourth paragraph shall in

Misc.] Surrogate's Court, Suffolk County, April, 1918.

no event continue after the death of the Trustee named in this Will, and that upon the death of such Trustee the shares of said fund which have not theretofore been paid over shall forthwith be paid over to the issue for whom they have been held respectively.

"(c) In case such child shall die, whether before or after me, leaving no issue who shall survive both me and such child, then the trust fund provided for such child shall become a part of my residuary estate."

The controlling provisions of the residuary are contained in the 5th paragraph of the will.

" *Fifth*. All the rest, residue and remainder of my estate both real and personal and wheresoever situated I give, devise and bequeath to my Trustee hereinafter named, to hold the same upon the following trusts:

"(a) During the lifetime of my said wife, Eliza G. Hathaway, to pay to her the whole of the net income therefrom.

"(b) Upon the death of my said wife to divide said residuary estate into five equal parts and to give two of said parts to my son, Nathaniel Hathaway, Jr., and one of each of said parts to my daughters, Susan H. Thurston, Margaret V. Hathaway and Sylvia Hathaway.

"(c) In case any of my said children shall die before my wife leaving issue who survive my wife, I give to such issue in equal shares *per stirpes* the portion of my residuary estate which their parent would have taken if living; but in case any of my said children shall die before my wife leaving no issue who survive her then I direct that the portion of my residuary estate which such child would have taken if living be divided in equal shares *per stirpes* among those of my children who may be living at the time of the death of my wife and the issue then living of any child who may have died before her."

At the time of decedent's death his wife survived him; two of his children had arrived at the age of thirty; his daughter Sylvia Hathaway was then twenty-six years old and his son Nathaniel Hathaway, Jr., was then eighteen years old.

It has been held in *Matter of Berry,* 154 App. Div. 509, 511; affd., 209 N. Y. 540, that: "A future estate is vested when there is a person in being who would have an immediate right to the possession of the property on the determination of all intermediate or precedent estates."

Section 230 of the Tax Law urged by the attorney for the comptroller as sustaining the appraiser's report reads: " When property is transferred in trust or otherwise, and the rights, interests or estates of the transferees are dependent upon contingencies or conditions whereby they may be wholly or in part created, defeated, extended or abridged, a tax shall be imposed upon said transfer at the highest rate which, on the happening of any of the said contingencies or conditions, would be possible under the provisions of this article."

The appraiser was wrong in his conclusion in taxing the remainders at the five per cent rate as the highest possible rate would be to lineal descendants. The entire estate is presently taxable as against the remaindermen. Section 230 of the Tax Law applies to transfers of interests in estates presently contingent, not those which are remotely possible. The remainders of the residuary estate, also the funds held in trust for Sylvia Hathaway and for Nathaniel Hathaway, Jr., do not vest in collaterals. It is only through a remote possibility that all the children and lineal descendants might die or be exterminated.

As the learned chief judge of the Court of Appeals wrote in *Matter of Burgess,* 204 N. Y. 265, 270, 271:

Cullen, Ch. J.   '' But the question still remains at what rate this remainder is taxable.  The courts below have imposed the tax at the rate of five per cent, on the assumption that under the terms of the will the property may pass to collaterals or strangers, transfers to whom are taxable at that rate.  We think this ruling erroneous.  In determining what should be the rate of the tax we must look at the persons to whom the property may in any contingency pass, on the assumption that the power of appointment never will vest in any of the daughters.  For if the assumption is to be the reverse, that the power will vest in one of the daughters, then the rule in the Howe case must apply and the remainder would not be presently taxable, but only on the death of the daughter.  Should the contingency occur that no daughter survives the widow, the issue of the daughters, if any, would take.  There is no direction to be found in the will as to where the property shall go in the contingency that neither daughter nor issue of daughter survive the widow  *  *  *  It follows that the testator died intestate as to the remainder in the contingency of no daughter nor issue of daughter surviving the widow, and that that contingent interest passed immediately on his death to his widow and daughters.  Therefore, in no contingency can any person succeed to the remainder under the will — apart from the exercise or non-exercise of the power of appointment — except the lineal descendants of the testator taxable at the rate of one per cent.''

The different probable contingencies, such as death of a child or lineal descendant, are provided for in the will and in each case the property goes to a child or lineal descendant.  It is the children and lineal descendants who are the final remaindermen.  Under the conditions here stated the Tax Law does not

require the deposit of a large sum of money (in excess of $30,000) with the state comptroller for possibly a score of years. The tax will be imposed as provided under section 221a of the Tax Law, as amended, and the appraiser's report will be modified to provide for the payment of the tax as herein directed.

Order modified.