384              MATTER OF STEBBINS.

Surrogate's Court, New York County, February, 1919.   [Vol. 106.

Matter of the Estate of JAMES H. STEBBINS, Deceased.

(Surrogate's Court, New York County, February, 1919.)

Transfer tax — when remainders are and are not presently taxable — residuary estates.

> Where decedent, who left children him surviving, directed that the income of one-fifth of his residuary estate be paid to a daughter for her life with remainder to her issue, if any, and if none then to increase the shares of his four other children, and a like disposition was made of the one-fifth of the residuary estate set apart for another daughter of decedent, the remainders are presently subject to a transfer tax to be collectively taxed against the trustee for the benefit of a person of the one per cent class.

> Where the income of another one-fifth of the residuary estate was directed to be paid to a son of testator for life, with power of appointment over the remainder among the family of said son or his brothers and sisters, and a substantially similar provision was made for another daughter of decedent, but with this difference, that her family was not included among those for whose benefit the power could be exercised, the remainders are not presently subject to a transfer tax.

APPEAL from the report of the transfer tax appraiser and order fixing the tax.

Lafayette B. Gleason (Schuyler C. Carlton, of counsel), for state comptroller.

Stewart & Shearer, for executor.

COHALAN, S.   The executor of the estate of decedent has appealed from the report of the transfer tax appraiser and the order fixing the tax, claiming that a deduction has not been made for trustee's commissions in addition to those as executor, and on the

further grounds that certain remainders over which the decedent gave powers of appointment have been reported as presently taxable, and that the aggregate of all the remainders has been found by the appraiser to be taxable in one sum.

An examination of the appraiser's report shows that executor's commissions have been allowed and that a deduction for trustee's commissions has been made from each one of the four trust funds. The appeal of the executor on this ground is therefore dismissed.

The decedent left him surviving five children. By his will he directed that his residuary estate be divided into five parts, one of which he gave to his son, James H. Stebbins, Jr., absolutely. The income from another one-fifth share was to be paid to a daughter, Frances C. Rucker, for life, the remainder to her issue; if no issue, then to increase the shares of the other children of the testator. A like disposition was made of the one-fifth set apart for Cora D. Dickinson, daughter of decedent.

The testator directed that the income of one-fifth of the residuary estate should be paid to his son, Walter A. Stebbins, for life, with power of appointment over the remainder among the family of the son or his brothers and sisters. A substantially similar provision was made in the case of the one-fifth set apart for Blanche P. S. Vallois, daughter of decedent, the only difference being that her family were not included among those for whose benefit the power could be exercised.

In *Matter of Howe,* 86 App. Div. 286; affd., 176 N. Y. 570, it was held that where a power of appointment is conferred by will upon the life beneficiary of a trust the remainder is not taxable until it vests by the exercise or non-exercise of the power.

Surrogate's Court, New York County, February, 1919.   [Vol. 106.

By the provisions of the will of the testator in *Matter of Burgess,* 204 N. Y. 265, powers of appointment over certain remainder interests were given to the daughters of the decedent, who were not, however, the life beneficiaries.  The powers would not become vested in the daughters under the will unless they survived their mother, the widow of decedent, who was the life tenant.  The court held that as the vesting of the powers of appointment was contingent, the remainders might not pass by the exercise or non-exercise of the power, and should be taxed on the assumption that the powers would not vest; otherwise, as it was explained in the opinion, the remainders might escape taxation altogether.

In the present case the powers of appointment vest absolutely in the respective life tenants by the will of decedent, and although the beneficiaries are limited to a class, the remainders are certain of taxation, for they will pass by the death of the donees of the powers whether such powers are exercised or not.

The appraiser erred in reporting the remainders after the life estates of Walter H. Stebbins and Blanche P. S. Vallois as presently taxable, and taxation thereon should have been suspended.

The remainders after the life estates of Frances C. Rucker and Cora D. Dickinson should be taxed collectively against the trustee for the benefit of a person of the one per cent class.

The report is remitted to the transfer tax appraiser for correction as indicated herein.

Decreed accordingly.