In the Matter of Roxy C. Trainer, Respondent. Thomas B. Scott, Individually and as Executor of Millicent D. Scott, Appellant.

Will — decedent's estate — transfer tax — provision in will for payment out of residue of all transfer taxes " payable by my estate " or on " the legacies given herein "— exercise by testatrix of power of appointment given her by will of non-resident — transfer tax imposed by law of foreign State upon vesting of transfer by donor of power not payable from estate of donee.

Where a resident of a foreign State, by his will, directs that the principal of a trust fund be paid as his daughter " by her last will and testament may appoint " and it is the law of that State that the transfer is complete as soon as the will takes effect but the transfer tax, under such circumstances, is not payable until the appointee comes into possession, and the daughter by her will exercises the power of appointment in favor of a resident of that State and further provides that all transfer taxes " payable by my estate or payable on the legacies given herein shall be paid out of the residue of my estate," a direction that the transfer tax upon the vesting of the remainder, in accordance with such appointment, be paid out of the residuary estate of the daughter is erroneous. The taxes payable under her will are those laid upon her act and not upon that of another. The act of the donor of the power, not the act of the donee, has been made the subject of the tax by the State in which he resided and it cannot be said that the daughter meant the residue of her estate to bear the burden of a tax imposed in a foreign jurisdiction upon a transfer by her father. (*Isham* v. *N. Y. Assn. for the Poor*, 177 N. Y. 218, distinguished.)

*Matter of Trainer*, 222 App. Div. 824, reversed.

(Argued April 11, 1928; decided May 1, 1928.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the second judicial department, entered January 13, 1928, which affirmed an order of the Suffolk County Surrogate's Court directing payment of a transfer tax out of the residuary estate.

*William G. Murphy* for appellant. The petitioner-respondent has not brought herself within the strict

meaning of the words used by testatrix in her will. (*Dana* v. *Murray*, 122 N. Y. 604; *Hillen* v. *Iselin*, 144 N. Y. 365; *Fargo* v. *Squiers*, 154 N. Y. 250; *Barr* v. *Howell*, 85 Misc. Rep. 330; *Farmers Loan & Trust Co.* v. *Shaw*, 127 App. Div. 656; *Lord* v. *Lord*, 44 Misc. Rep. 530.) There was no intention on the part of testatrix to burden her residuary estate with the payment of any taxes that Pennsylvania might levy on the estate of her father. (*Farmers Loan & Trust Co.* v. *Winthrop*, 238 N. Y. 488.)

*Ewing R. Philbin* and *Garrett A. Brownback* for respondent. The exercise by the testatrix of the power of appointment constituted a legacy. (*Isham* v. *N. Y. Assn. for Poor*, 177 N. Y. 218; *Matter of Dows*, 167 N. Y. 227.) It was the intention of the testatrix that the legatee should take the appointed fund without diminution through the imposition of any tax, including the Pennsylvania tax in question, upon the transfer thereof to the legatee, and such intention is clearly expressed in the will. (*Matter of Delano*, 176 N. Y. 486; *Loring* v. *Gardner*, 221 Mass. 571.)

CARDOZO, Ch. J. Louis Dreka, a resident of Pennsylvania, died in 1922, leaving a will proved in that State whereby he gave to trustees $150,000 to pay the income to his daughter, Millicent D. Scott, during her life, and to pay the principal upon her death " to such persons and institutions as she by her last will and testament may appoint, and in default of any appointment to those of my daughter's next of kin who would be entitled thereto under the intestate laws of Pennsylvania."

A statute of Pennsylvania provides that where there is a taxable transfer " to take effect in possession or to come into actual enjoyment after the expiration of any one or more life estates · * * *, the tax on such estate shall not be payable  * * *  until the person liable for the same shall come into actual possession of

such estate by the termination of the estates for life." The rate varies according to the relationship, being two per cent for husband or wife, parents or lineal descendants, and ten per cent for others.

The beneficiary of the trust, Mrs. Scott, died in Suffolk county, New York, in 1926. The question before us involves the construction of a provision of her will. In exercise of the power of appointment she " gives and bequeaths " the principal of the trust fund of $150,000 created under the will of her father to " Roxy Corlies Trainer of Media, Pennsylvania, her heirs and assigns forever." There are three legacies of $10,000. There is a gift to the husband of the residuary estate. There is then the following provision as to taxes: " All estate, inheritance, transfer, succession and legacy taxes payable by my estate or payable on the legacies given herein shall be paid out of the residue of my estate."

Upon the death of Mrs. Scott, the trustees of the Dreka will brought proceedings in Pennsylvania to determine the tax payable upon the interest in remainder. This tax, being assessed at $11,672.22, was paid by the trustees out of the principal of the fund. The residue of the fund they paid to Mrs. Trainer, the appointee of the remainder. She has petitioned the Surrogate's Court for an order directing the executor of the Scott estate to reimburse her out of that estate for the tax thus deducted. An order for such payment has been unanimously affirmed.

Any tax laid upon a transfer made by Mrs. Scott was payable under her will out of her residuary estate. A State is privileged to say that the exercise of a power of appointment shall be treated as equivalent to a transfer by the donee of the power, and shall be taxed upon that basis (*Matter of Dows*, 167 N. Y. 227; *Orr* v. *Gilman*, 183 U. S. 278; *Matter of Delano*, 176 N. Y. 486; *Chanler* v. *Kelsey*, 205 U. S. 466; *Matter of Burgess*, 204 N. Y. 265). This is what the Legislature of New York has done where the appointment relates to property within its

jurisdiction (Tax Law [Cons. Laws, ch. 60], § 220, subd. 4; *Frick* v. *Pennsylvania*, 268 U. S. 473; *Matter of Fearing*, 200 N. Y. 340). If a tax had been assessed under the authority of that provision, the exercise of the power being treated as equivalent to a transfer, we assume that any payment made might be reclaimed by the appointee out of the residuary estate. But the fact is that no tax has been authorized or assessed upon that basis. The State of Pennsylvania has not treated the exercise of the power of appointment as a transfer to be taxed, nor imposed a tax upon the theory that a transfer was then made. All that Pennsylvania has undertaken to tax is the original creation of an interest in remainder, the transfer subject to taxation being viewed as complete as soon as the will took effect, but payment being postponed until the enjoyment of possession. In fact, there was a payment on account to the extent of two per cent while the life estate continued, prepayment being permitted at the pleasure of the owner. The appointee of the power is not asking reimbursement for a tax laid upon a transfer made by Mrs. Scott. She is asking reimbursement for a tax upon a transfer made by Mr. Dreka. The act of the donor of the power, not the act of the donee, has been made the subject of the burden.

We think the taxes payable under the will of Mrs. Scott are those laid upon her act, and not upon another's. If any act of hers, whether it be styled a gift or an appointment, is to be taxed as a transfer, the burden of the tax thus laid upon that act is to be borne by the residue. This is far from saying that she meant the residue to bear the burden of a tax imposed in a foreign jurisdiction upon a transfer by another (cf. *F. L. & T. Co.* v. *Winthrop*, 238 N. Y. 488, 493). The petitioner builds her argument on *Isham* v. *N. Y. Assn. for the Poor* (177 N. Y. 218). There the tax was laid upon the very act of appointment, conceived of by the statute as the equivalent of a transfer,

and taxed upon that basis. Here the act and the assessment are separate and alien.

Our appraisal of intention is reinforced by the surrounding circumstances. The value of Mrs. Scott's estate after allowance of debts and expenses was about $143,000. Deducting the three legacies to friends, there was left a residuary estate of $113,000 for the husband. Mrs. Trainer, the appointee of the $150,000 trust fund, was a second cousin. The mind balks at the conclusion that a tax of $11,000, not chargeable upon any transfer effected by the will, was to augment the gift to the cousin, and reduce the modest residue transmitted to the husband.

The order of the Appellate Division and that of the Surrogate's Court should be reversed, and the petition dismissed, with costs in all courts.

POUND, CRANE, ANDREWS, LEHMAN, KELLOGG and O'BRIEN, JJ., concur.

Orders reversed, etc.