In the Matter of the Estate of BERNHARD SUSSER, Deceased.

Surrogate's Court, Bronx County, June 1, 1934.

*Maxwell Lustig* [*Theodore Siskind* of counsel], for the petitioners.

*Edgar Hirschberg*, for the State Tax Commission.

HENDERSON, S. By this motion the testamentary trustees seek combined relief under two statutes: (a) Modification of the original or *pro forma* order temporarily fixing the transfer tax because one of the contingencies has happened (Tax Law, § 230), in that part of the remainder of the trust for one child has vested in the beneficiary, the temporary life tenant, by his attaining one of the six specified ages; and (b) composition of the transfer tax upon transfers dependent upon contingencies which have not happened (Tax Law, § 233).

The principal of the trust for such child originally consisted of seventeen per centum of the residuary estate, all of which was given in trust. ·

There is no valid objection to granting the requested relief in a single application, if the petitioners are otherwise entitled thereto.

The only question presented is whether or not the original order, the time to appeal from which has expired, is *res adjudicata* as to the computation and the amount of the tax thereby imposed upon the contingent transfers at the highest rate.

The *pro forma* order which imposed such tax on the conditional transfers is not final and conclusive in an application for modification, as to the total amount of the tax assessed against any transferee, the aggregate present value of whose transfers may be increased by the happening of a contingency; nor as to the identity of the possible transferee assumed in computing the highest possible tax, nor as to the amount of the tax temporarily imposed at the highest possible rate upon contingent transfers. The petitioners are authorized by the statute to apply for a modification or modifications thereof at such time or times as the contingency or contingencies may happen (Tax Law, § 230). The statute itself characterizes the order as " a temporary order " and penalizes the estate if an application for a modification thereof is not made within six months after the happening of each contingency.

The original order will be modified by changing the items of the presently taxed transfers to Alfred Susser, son, to read as indicated (Cash value of interest): " Temporary life estate until age 21, in 17% of residuary estate of $100,270.44, present value $2,744.00, Legacy at age 21, $2,841.00." (Total) " $5,585.00." (Amount of exemption) " $5,000.00." (Amount taxable) " $585.00." (Tax assessed) " $5.85; " and by changing the items of the temporarily taxed contingent transfers to read as indicated: (Cash value of interest) " $97,429.44." (Amount of exemption) " none." (Amount taxable) " $97,429.44." (Tax assessed) " $1704.44. (Possible transfer to Alfred Susser, son, above.) "

The original order, or the modification thereof, is not *res adjudicata* as to the amount of the tax temporarily imposed thereby at the highest rate upon the contingent transfers in a composition of such tax under the statute (Tax Law, § 233), which reads, so far as material:

" § 233. * * * Ascertain the value of such property as of the date of the transfer and deduct therefrom the value as of said date of any temporary estate for life, or for years, or otherwise, in such property, upon which the transfer tax shall have been finally paid; then determine the lowest possible amount of tax upon *the*

*remainder so ascertained* \* \* \* and add thereto one-half of the difference, if any, between the amount of tax so ascertained and the highest possible tax upon *such remainder.*" (Italics mine.)

Section 233 directs the ascertainment of the highest possible tax upon a remainder diminished by the previously taxed values of future estates, while section 230 directs that the temporary order impose the highest possible tax on an undiminished remainder. Obviously the tax temporarily imposed in the temporary order is always greater than the highest possible tax as ascertained in accordance with the statute permitting the composition of the tax on contingent transfers.

The original order imposed upon the conditional transfers a tax at the highest rate based upon the possibility that such transfers would finally vest in Saul Susser, a son, who was therein presently taxed upon an interest presently valued at $4,700. The above modification determines the value of the presently taxable transfers to another son, Alfred Susser, at a higher amount, $5,585. There is a possibility that the ultimate conditional gift of the remainders may be transfers to the latter, and the highest possible tax for the purpose of composition should be computed accordingly.

Settle order modifying the order heretofore entered herein fixing the transfer tax, and finally fixing the tax upon the remaining contingent transfers, in amended and resettled form, and in accordance with the notations upon the submitted papers.