In the Matter of the Estate of MARGARET McE. BOWDEN, Deceased.

Surrogate's Court, Warren County, January 12, 1939.

*Straub & Hughes* [*J. Vanderbilt Straub* of counsel], for the petitioner.

*David J. Fitzgerald,* for the State Tax Commission.

BOYCE, S. Margaret McE. Bowden died on June 4, 1925, a resident of Warren county, leaving a last will and testament which was duly admitted to probate by the surrogate of Warren county on June 11, 1925. The petitioner duly qualified as one of the executors and trustees under the will and still continues to act as one of the trustees of the trust created for the benefit of Katharine Bowden Cunningham by the following paragraph of the will:

" *Twelfth.* I give, devise and bequeath two thirds of all of said rest, residue and remainder of my property and estate, both real and personal, which I may own or be entitled to dispose of at the time of my decease (being all of my estate remaining undisposed of after the devise and bequest contained in the ' Eleventh ' paragraph hereof) to my executors, in trust, to invest, reinvest and keep invested the personal property and the proceeds of the sale of any real property disposed of as hereinafter authorized, and to receive and collect the interest and income from the personal property and the rents and profits of the real property, and to pay and apply the said interest, income, rents and profits to the maintenance and support of my said daughter Katharine Bowden Cunningham during her life. Upon the death of my said daughter said trust shall terminate, and I give, devise and bequeath the principal then held in trust to such person, persons, corporation or corporations, and in such amounts, and in such manner, and upon such terms as my said daughter shall direct, appoint and designate by duly executed last will and testament; and in default of such direction or appointment or designation, or in so far as the same, if made, shall not extend or be effectual, I give, devise and bequeath the same to her descendant or descendants then surviving her, if any (in shares between themselves, if more than one, according to the provisions of the Decedent Estate Law of the State of New York); and if none, then to my son if then living, and if not then to his descendant or descendants then surviving (and in shares between themselves, if more than one, according to the provisions of said Decedent Estate Law). I authorize and empower the trustees, however, at any time and from time to time to pay or transfer to my said daughter any portion of the principal of said property thus held in trust, not exceeding in the aggregate one half thereof,

and said trust shall thereupon terminate as to the property so paid or transferred. In the event that my daughter develops a business ability and experience to make her fully competent to care for and invest said property safely, then it is my earnest desire that the trustees terminate this trust to such extent pursuant to the authority herein given."

By an order of Hon. GEORGE S. RALEY, surrogate of Warren county, made and entered on December 22, 1925, the value of the life interest of said Katharine Bowden Cunningham in the trust fund was fixed, and the tax on her life interest in the said trust together with the tax on other property received by her absolutely under the will of said decedent was determined. The value of the undiminished trust fund created for the benefit of the said Katharine Bowden Cunningham was fixed in the sum of $561,932.54, and the tax upon the transfer of the same at the highest rate which, on the happening of any of the contingencies provided in said paragraph numbered " twelfth " of the will, would be possible, was determined to be the sum of $41,704.60.

The discovery of additional assets in the sum of $2,500 required modification of the aforementioned order. Two-thirds of that sum, or $1,666.67, was added to the undiminished trust fund and Mrs. Cunningham's life interest therein was fixed at $1,206.15. The amount of each increase was taxed at four per cent by an order made and entered on July 26, 1927.

Each of the said taxing orders heretofore referred to contained a provision that with relation to the taxation of the trust fund it was temporary only.

Prior to June 1, 1938, the executors and trustees were administering the trust fund valued then at $563,599.21 which they were empowered by the terms of the will above quoted to terminate to the extent of one-half thereof by one or more payments to the daughter of the testatrix. On that date the representatives paid her $1,000 from the principal of the trust fund. In this proceeding petitioner contends that the said payment of $1,000 was the happening of a contingency under section 230 of the Tax Law, requiring the representatives to apply for modification of the temporary tax orders.

The questions are raised (1) whether the order of modification may go beyond the payment of the $1,000 and recognize that the highest possible tax on the balance of the trust fund has been over assessed hitherto, and (2) whether this court may now apply the proper tax rate to the balance of the trust fund. The proper rate to be applied is that for a prospective transfer to a lineal descendant. The higher rate would be valid if the daughter gave to a stranger.

In that case, however, the gift would be made under the power of appointment, and the tax instead of being borne by the trust fund would be payable at the time of the exercise of the power. (*Matter of Burgess*, 204 N. Y. 265.)

The State Tax Commission contends that if it be conceded that the foregoing is true, nevertheless the highest possible tax fixed on the trust fund is *res adjudicata* subject to modification only by appeal under section 232 of the Tax Law. (*Matter of Moore*, 160 Misc. 265.)

The Commission admits that the order may be modified to the extent of the happening of any contingency as far as the present transfer of the $1,000, but opposes modification of the rate of tax on the balance of the trust fund.

Section 241 of the Tax Law provides for the deposit of securities equivalent to the amount of tax on a contingent transfer determined at the highest possible rate. If the higher and improper rate is to be perpetuated, a deposit of $41,704.60 will be required although the tax when finally assessed will not in any event exceed $22,503.97. Thus, almost twice the legal amount of securities is demanded by the State Tax Commission.

It does not appear that the question of rate was contested before my honorable predecessor. He was empowered to fix the tax in this particular case only as provided by statute. He had power, therefore, to fix the transfer tax herein only in the brackets from one to four per cent inclusive. The making of an order fixing the tax in the brackets from five to eight per cent inclusive, being either an inadvertent mistake of fact or a void order made without jurisdiction, may be corrected. (*Matter of Jagnow*, 148 Misc. 657; *Morgan* v. *Cowie*, 49 App. Div. 612.)

" A surrogate   *   *   *   has power   *   *   *.

" 6. To open, vacate, modify, or set aside, or to enter as of a former time, a decree or order of his court; or to modify or resettle a decree or order   *   *   *   or to grant a new trial or a new hearing." (Surr. Ct. Act, § 20.)

Upon the occurrence of a contingency under section 230 of the Tax Law, an application to modify the order is proper. The prior temporary order is not conclusive as to the identity of the transferee assumed for the purpose of computing the highest possible tax. (*Matter of Susser*, 151 Misc. 784.)

Order signed.