(86 App. Div. 286.)

## In re HOWE.

(Supreme Court, Appellate Division, Second Department. July 24, 1903.)

1. TRANSFER TAX LAW—POWERS OF APPOINTMENT—ASSESSMENT—STATUTE—IMPLIED REPEAL.

The transfer tax law (Laws 1896, p. 868, c. 908, § 220, subd. 5, as amended by Laws 1897, p. 150, c. 284, providing that whenever any person or corporation shall exercise a power of appointment derived from any disposition of property, such appointment, when made, shall be deemed a transfer, taxable under the provisions of the act, etc.) was not impliedly repealed by Laws 1899, p. 100, c. 76, amending section 230 of the transfer tax law, and declaring that when property is transferred in trust or otherwise, and the rights or estates of the transferees are contingent, a tax shall be imposed forthwith on the transfer at the highest rate which, on the happening of said conditions, would be possible.

2. SAME—CONSTRUCTION OF WILL.

Testatrix devised a share of her estate to a trustee for the use of H. for life, and on his death to transfer such share to such person or persons and in such manner as H. should specify by will, and, in case H. died without leaving a valid will, to transfer such share to H.'s children and their heirs. *Held*, that the rights of the persons entitled to take under such bequest were not contingent, so as to authorize the assessment of a transfer tax thereon under the transfer tax law (Laws 1896, p. 874, c. 908, § 230, as amended by Laws 1899, p. 100, c. 76, providing for the present taxation of contingent estates), but that such interest was taxable only on the exercise of the power of appointment under section 220, subd. 5, declaring that, whenever a power of appointment derived from a disposition of property shall be exercised, such appointment shall be then subject to taxation.

Appeal from Surrogate's Court, Kings County.

Proceeding for the appraisal of the property of Elizabeth L. Howe, deceased, for transfer taxation. From a decree fixing the tax, the treasurer of Kings county appeals. Affirmed.

Argued before BARTLETT, JENKS, WOODWARD, HIRSCHBERG, and HOOKER, JJ.

Robert B. Bach, for appellant.

Charles W. West, for respondent.

WILLARD BARTLETT, J. By the eleventh article of her will, Elizabeth L. Howe devised and bequeathed a certain share of her estate to a trustee in trust to hold the same for Leavitt Howe during his lifetime, and to receive and pay over the rents, interest,.and income thereof to the said Leavitt Howe for his and his family's use, maintenance, and support; and she further authorized and directed the trustee, upon the death of said Leavitt Howe, to transfer and pay over the said share so held in trust for him to such person or persons, and in such manner and proportion, and at such time or times as the said Leavitt Howe should specify and direct by his last will and testament, provided such testamentary disposition so to be made by him

should be valid. In case he should die without leaving a valid will, the testatrix directed that the share be transferred and paid over to said Leavitt Howe's children and their heirs. By the twelfth article of her will, Mrs. Howe devised and bequeathed to a trustee the sum of $20,000 upon a precisely similar trust in favor of Edward Howe, and conferred upon him a precisely similar power of testamentary appointment.

The question presented by this appeal is whether the learned surrogate was right in holding that neither of these remainders is taxable until the time comes for the exercise of the testamentary power of appointment conferred upon the life beneficiaries. In support of this determination the executors rely upon subdivision 5, § 220, c. 908, p. 868, of the Laws of 1896, as amended by chapter 284, p. 150, of the Laws of 1897. This subdivision, so far as applicable, provides as follows:

"Whenever any person or corporation shall exercise a power of appointment derived from any disposition of property made either before or after the passage of this act, such' appointment when made shall be deemed a transfer taxable under the provisions of this act in the same manner as though the property to which such appointment relates belonged absolutely to the donee of such power and had been bequeathed or devised by such donee by will."

In construing this provision it has been held that it is the exercise of the power of appointment, and not the creation of that power, which effects the transfer which the statute makes taxable. Matter of Seaver, 63 App. Div. 283, 71 N. Y. Supp. 544. Matter of Walworth's Estate, 66 App. Div. 171, 72 N. Y. Supp. 984. If this view is correct, and the subdivision quoted is applicable to the eleventh and twelfth articles of Mrs. Howe's will, the order under review would clearly appear to be right. The applicability of that subdivision, however, is disputed by the learned counsel for the appellant, who insists that it was repealed by implication by the enactment of chapter 76, p. 100, of the Laws of 1899, which amended section 230 of the transfer tax law (Laws 1896, p. 874, c. 908) by inserting therein, among other provisions, the following:

"When property is transferred in trust or otherwise, and the rights, interests or estates of the transferees are dependent upon contingencies or conditions whereby they may be wholly or in part created, defeated, extended or abridged, a tax shall be imposed upon said transfer at the highest rate which, on the happening of any of the said contingencies or conditions would be possible under the provisions of this article, and such tax so imposed shall be due and payable forthwith out of the property transferred."

The phraseology of this amendment of 1899 is not such as necessarily to embrace a case like the present, where a testamentary power of appointment is bestowed upon the life beneficiary of a trust. While here Leavitt Howe and Edward Howe may be regarded as the original transferees of the shares devised and bequeathed in trust for their benefit, it cannot fairly be said that their rights, interests, or estates are dependent upon contingencies or conditions whereby they may be wholly or in part created, defeated, extended, or abridged. Their right, interest, and estate in the share or money set apart in trust for each is absolute, and not dependent upon any contingency or condi-

tion whatever. They are entitled, under the will, to the proceeds of the funds left in trust for them during the whole of their natural lives. It would seem, therefore, that their estates do not fall within the scope of the amendment, and it may well be doubted whether the amendment was intended to apply at all to cases where a life estate is coupled with a testamentary power of appointment, to be exercised at its conclusion. It is to be observed that the amendatory statute (chapter 76, p. 100, of the Laws of 1899) makes no change whatever in any section of the transfer tax law, except section 230. It leaves unchanged section 220, the fifth subdivision of which, relating to powers of appointment, has already been quoted. The effect of the amendment, therefore, was the same as though one statute had been enacted containing subdivision 5 of section 220 and section 230 as changed in 1899. We thus have, in contemplation of law, an act of the Legislature containing specific directions as to the taxation of estates in regard to which a power of appointment is conferred upon the original transferee; and I do not see how it can well be held that a subsequent provision in the same statute in regard to the taxation of transfers of property where the estates of the transferees are dependent upon contingencies or conditions effects a repeal by implication of the specific provision relating to transfers through the instrumentality of the donee of a power. Neither the Matter of Vanderbilt's Estate, 172 N. Y. 69, 64 N. E. 782, nor the Matter of Brez's Estate, 172 N. Y. 609, 64 N. E. 958, bears upon the question in controversy here. Those decisions relate wholly to the effect of section 230 of the transfer tax law, and the opinions contain nothing in conflict with the views which have been expressed. I think that the decree of the Surrogate's Court should be affirmed.

Decree of the Surrogate's Court of Kings county affirmed, with costs. All concur.