sponsibility of the director who sues. The same facts which might impel one man to sue as director might wholly fail to impress another as sufficient to justify an action. It follows that, while the plaintiff in such an action acts only by virtue of his official position, his impulse to act depends entirely upon his personal viewpoint. When he ceases to be a director, his right to maintain the action, as such, ceases. Thereafter he has no standing to prosecute it, and his cause of action cannot survive. Another director may bring another action based upon the same facts; but he could do it only by virtue of his own office as director, and it would therefore be a new and a different cause of action. If it were to be held otherwise, still it would be impossible to place the finger on any one particular director upon whom the plaintiff's interest or right of action devolved. If the action had been brought by the Attorney General in behalf of the people, or by a creditor, a different question would be presented, for, though there may be a new Attorney General, the interest of the people would still survive, and if a creditor-plaintiff had died, his interest in the action would devolve upon his personal representatives. It is not relevant to say that plaintiff, in addition to having been a director, is also a stockholder. His right to maintain this action depends wholly upon his holding of the office of director, and he cannot turn this purely statutory action, open to him only because he was a director, into a stockholder's action under some other provision of law. In my opinion the action has abated, and the cause of action is not one which survives. It follows that plaintiff has no present right to the examination he seeks.

The order must therefore be reversed, with $10 costs and disbursements, and the motion granted, with $10 costs.

INGRAHAM, P. J., and McLAUGHLIN and DOWLING, JJ., concur. CLARKE, J., dissents.

---

In re BURGESS.

(Supreme Court, Appellate Division, Second Department. July 27, 1911.)

TAXATION (§ 885*)—TRANSFER TAXES—PROPERTY SUBJECT TO.

Testator gave property in trust to pay the income to his widow until her death or remarriage, directing that the property then be divided and held in trust for the lives of his several daughters, with power of appointment to each of the daughters alive at the widow's death respecting the principal of her own share, and that, on the death of any daughter before the widow's death, her share should go absolutely to her issue. *Held,* that the property is subject to transfer tax under Tax Law (Laws 1896, c. 908) § 230, as amended by Laws 1899, c. 76.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 1706, 1707; Dec. Dig. § 885.*]

Appeal from Surrogate's Court, Nassau County.

In the matter of the appraisal under the transfer tax acts of property of William H. Burgess, deceased. From an order confirming

an order assessing a tax, Cora L. Burgess and others, executors, appeal. Affirmed.

Argued before JENKS, P. J., and THOMAS, WOODWARD, CARR, and RICH, JJ.

Albert Stickney (Harold Russell Griffith, on the brief), for appellants.

Henry P. Keith, for respondent.

WOODWARD, J. The clause in the will under which this controversy arises provides:

"I give, devise and bequeath all the rest, residue and remainder of my estate, both real and personal, wheresoever and whatsoever the same may be, of which I may die seised and possessed, unto my executors hereinafter named, to have and to hold the same in trust, nevertheless, to and for the following uses and purposes, namely: * * * To pay the net rents, issues and profits so received to my wife, Cora L. Burgess, during the term of her natural life, or until her remarriage, and upon her death or remarriage, whichever event shall first happen, to divide the same * * * into as many shares as I may have daughters living at the time of such division, and then living issue, collectively, of any then deceased daughter, and to set aside one share for the issue collectively of any then deceased daughter, and to pay over the said share to such issue in equal shares, so that each set of issue will receive one share, per stirpes; and to set aside one share for the benefit of each of my said daughters then living, and to have and to hold the same in trust, nevertheless, to and for the following uses and purposes, namely: * * * To pay the net rents, issues and profits so received to the daughter for whose benefit the said share shall be so set aside, during the term of her natural life, and on her death, to pay over the principal so held in trust, together with the sum of fifty thousand dollars also set apart for her benefit as provided by the third clause of this will to such person and in such manner as she may in and by her last will and testament, properly executed by her, duly appoint, or in default of such appointment, either as to the whole or any part thereof, then to the extent to which no appointment shall be made, to her issue her surviving per stirpes, or in default of both such appointment, either as to the whole or any part thereof, and of issue, then to the extent to which no such appointment shall be made, to such persons as would be entitled to receive the same if she had died intestate possessed of the principal of said trust estates."

If the power of appointment had been given to the testator's widow, the case would have been within the rule laid down by this court in Matter of Howe, 86 App. Div. 286, 83 N. Y. Supp. 825; but the testator did not give such a power to his widow. He gave it to each of his daughters who should be alive at the time of the death of his widow in respect to her own share of the estate, and, in the event of the death of any daughter prior to the decease of his widow, then the share the daughter would have taken was to be given absolutely to her issue. This brings the case within the provisions of the general rule of section 230 of the tax law (Laws 1896, c. 908), as amended by chapter 76 of the Laws of 1899,. as construed and applied in Matter of Vanderbilt, 172 N. Y. 69, 64 N. E. 782, and the learned surrogate properly refused to make any change in the original order, by which the tax upon the transfer was fixed at 5 per cent. No one was, under the terms of the will, vested with an absolute power of appointment; no one could determine whether the transfer would be made under

the provision which gave the property direct to the issue of the daughters, or under the provision giving them a power of appoint-. ment. Under such circumstances the provisions of section 230 are clearly applicable, and the beneficiaries under the will will be obliged to take, subject to the tax as fixed in the order.

The order appealed from should be affirmed, with costs. All concur.