In re NEHER'S ESTATE.

(Surrogate's Court, New York County. April 11, 1916.)

1. TAXATION ⬤==885—TRANSFER TAX—POWER OF APPOINTMENT.

Where a testator gave his property to trustees for his wife for life, with power to dispose of the principal if she deemed it necessary, and gave his wife' power to appoint by will one-half of the remainder, and by a subsequent clause provided for the disposition of any part of the estate not used by the wife or appointed by her, the half of the remainder which she had the right to appoint is not presently taxable, under Tax Law (Consol. Laws, c. 60) § 230, providing for the present taxation of contingent interests, notwithstanding the amendment of that section in 1911 (Laws 1911, c. 800), which only authorized the surrogate to enter a temporary order determining the amount of the tax.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 1706, 1707; Dec. Dig. ⬤==885.]

2. TAXATION ⬤==885—TRANSFER TAX—CONTINGENT INTEREST.

The remainder not subject to appointment is forthwith taxable under the express provision of that section that when property is transferred in trust, and the estates transferred are dependent on conditions, whereby they may be wholly or in part created, defeated, or abridged, the tax shall be imposed and payable forthwith at the highest rate, subject to return on the happening of a contingency whereby the property comes to a person exempt from the tax.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 1706, 1707; Dec. Dig. ⬤==885.]

Proceeding to determine the transfer tax due from the estate of John Neher. On objections by the executors to the appraiser's report. Report reversed and remanded.

Daniel Seymour, of New York City (Henry Parsons, of New York City, of counsel), for executors.

Adolph E. Gutgsell, of New York City, for legatees Anthony and John Krohe.

Lafayette B. Gleason, of New York City (Schuyler C. Carlton, of New York City, of counsel), for state comptroller.

FOWLER, S. [1] The executors of decedent's estate allege that they are dissatisfied with the appraiser's report because it suspends taxation of the remainder after the life estate of Marie E. B. Neher in the sum of $15,059.02, and they have appealed from the order entered on the report. The decedent gave the income of all his estate to his wife during her life, with power to dispose of one-half of the remainder by her will. He also empowered her to use so much of the principal of the estate as she considered necessary for her enjoyment and support. By a subsequent clause he provided for the disposition of any part of his estate that was not used by his wife during her life or disposed of by virtue of the power of appointment given to her. The appraiser reported that the value of the widow's life estate in the entire estate left by the decedent was presently taxable. He reported that the remainder was not presently taxable, as one-half of it was subject to a power of appointment, and the life

⬤==For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

tenant had the power to use so much of it as she considered necessary. The one-half of the remainder over which the widow has a power of appointment is not presently taxable. Matter of Howe, 86 App. Div. 286, 83 N. Y. Supp. 825, affirmed 176 N. Y. 570, 68 N. E. 1118. The amendment of section 230 of the Tax Law (Consol. Laws, c. 60) effected by chapter 800 of the Laws of 1911 did not change the language of the statute, so as to make the principle of the decision in the Matter of Howe inapplicable, as that amendment provided only for the entry of a temporary order by the surrogate. That part of section 230 which provides for the imposition of a tax at the highest rate was in force at the date of the decision in the Matter of Howe, supra. Therefore that decision is still controlling, and a remainder which is subject to an absolute power of appointment is not taxable until the power is exercised.

[2] As to the other one-half of the remainder, I am inclined to think that its taxation is governed by the decision of the Court of Appeals in the Matter of Zborowski, 213 N. Y. 109, 107 N. E. 44, and that that decision in effect overrules the decision in the Matter of Babcock, 37 Misc. Rep. 445, 75 N. Y. Supp. 926, affirmed without opinion 81 App. Div. 645, 81 N. Y. Supp. 1117. All the property of which the decedent died seised or possessed was transferred by his will. The tax law provides that the tax is imposed upon the transfer of the property, but the rate of taxation is dependent upon the value of the interest transferred. The widow has a life interest in all the testator's estate, consequently the value of that life interest is presently taxable. She may also use all the property, and it is therefore impossible to ascertain the exact amount that will pass to the legatees who are given one-half of the remainder after her death. Section 230 provides that where the property is transferred in trust, and the interest of the transferees are dependent upon contingencies whereby they may be in part defeated, the tax is imposed upon such transfer at the highest rate which, on the happening of any of the contingencies, would be possible. One-half of the remainder after the life estate of the widow is transferred to legatees, but their interests are liable to be defeated by the widow using all the property. Such transfers, therefore, are within the language of section 230 of the Tax Law, and are presently taxable. Matter of Zborowski, supra.

The order fixing tax will be reversed, and the appraiser's report remitted to him for the purpose of assessing a tax at the highest rate upon one-half of the remainder after the life estate of the widow.