In the Matter of the Transfer Tax upon the Estate of FERDINAND S. M. BLUN, Deceased.

SIGMUND BENDIT and Others, as Executors, etc., of FERDINAND S. M. BLUN, Deceased, Appellants; THE COMPTROLLER OF THE STATE OF NEW YORK, Respondent.

First Department, December 29, 1916.

Tax — transfer tax on contingent remainders — discretionary power of trustees to make advancement from principal — when assessment of tax should not be suspended — executors and trustees — when allowance of double commissions proper.

Where a will directs the executors to pay the testator's debts and to distribute certain specific legacies and places the rest, residue and remainder of the estate in trust for specified uses and purposes, so that the amount of the trust estate cannot be determined until the executorial duties have been performed, the executors and trustees are entitled to separate commissions for acting in both capacities, and a transfer tax should be imposed on the basis of an allowance of double commissions.

Where the testator limited certain contingent remainders in the clause creating one of the trust funds, an assessment of a transfer tax upon said fund should not be suspended merely because the testator gives to the trustees a discretionary power to advance a portion of the principal of the fund, free of the trust, to a beneficiary in order to enable him to start in business, for section 230 of the Tax Law, as amended, requires contingent remainders to be presently taxed as of the death of the testator at the greatest rate for which they may be taxed in any contingency, with a right of rebate in case the remainder shall finally vest in a party in whose hands it should be taxed at a lesser rate.

APPEAL by Sigmund Bendit and others, as executors, from an order of the Surrogate's Court of the county of New York, entered in the office of the clerk of said Surrogate's Court on

First Department, December, 1916.          [Vol. 176.

the 15th day of August, 1916, affirming a prior order fixing and assessing the transfer tax on this estate.

*Everett B. Heymann,* for the appellants.

*Schuyler C. Carlton,* for the respondent.

SMITH, J.:

Testator died on December 4, 1913.

The first question raised on the appeal is whether the executors and trustees are entitled to double commissions, and if so, whether such double commissions must be deducted from the estate in order to ascertain the amount properly taxable. The will provides, *first,* for the cremation of the deceased's body; *second,* the executors are directed to pay all just debts and funeral and testamentary expenses; *third,* the deceased gives to his wife his jewelry, wearing apparel, household furniture, furnishings, utensils and library, and his automobile; *fourth,* the deceased further gives to his executors the sum of $10,000 absolutely, but in confidence that they will devote same to some charitable purpose; *fifth,* a legacy of $500 is given to an employee; *sixth,* legacies are given to other relatives. Then comes the 7th provision of the will, which provides in part:

" One-fifth of all the rest, residue and remainder of my estate, real and personal, of every kind and nature and wheresoever situate, I give, devise and bequeath to my executrix and executors, to be held by them *in trust,* however, for the uses and purposes following."

In the 8th paragraph another one-fifth is given to his executrix and executors to be held by them in trust for other uses and purposes; and in the 10th paragraph the other three-fifths of all the said rest, residue and remainder of his estate is given to his executrix and executors, in trust, however.

It will thus be seen that the executorial duties are to be performed, the debts are to be paid, the legacies are to be paid, before the residue is ascertained. Then, and only then, is the residue to be divided into fifths, which are given to the executors in trust. A similar question arose under the 5th clause of the will of John Torrance Vanneck, decided by this court December 1, 1916, in which we held that by that clause the

testator had created a trust fund in the administration of which no executorial duties were to be performed, and that the executors might pay that fund to themselves as trustees and be discharged of any liability therefor as executors. We then held that as to that fund the executors were entitled to commissions both as executors and as trustees. (*Matter of Vanneck*, 175 App. Div. 363.) In *Olcott* v. *Baldwin* (190 N. Y. 99) a similar rule was stated. In *Leask* v. *Beach*, decided in this department July 10, 1916 (reported in 173 App. Div. 873) the fund in that trust was to go at once to the executor in trust, and prior to the execution by the executor of his executorial duties, and it was, therefore, held that the fund was not so separated as to contemplate a separate function by the executor as such and as trustee. The executors are, therefore, entitled to double commissions.

Another question is presented upon the claim of the executors that the tax should be suspended upon a portion of one of these trust funds. By the 7th clause of the will one-fifth of the residue is given to the executors in trust for the payment of $1,000 per annum to the brother of the testator, Simon M. Blun, so long as he may live, and the balance to the testator's son, F. Melville Blun, until he attains the age of forty years, when the principal of this trust fund shall be given to his said son, and it was therein provided that if the said brother should be living when his said son attains the said age, so much of the principal sum as in their judgment might be necessary to produce the annuity of $1,000 should continue to be held by said trustees until the death of said brother, "at which time, I give, devise and bequeath the same, absolutely and freed from said trust, to my said son, or, if he shall have previously died, to his lawful issue, *per stirpes*, living at the time of the death of my said brother, or, if my said son leave no lawful issue living at said time, to my daughter, Anita R. Blun. Should my said son die prior to his attaining said age of forty years, I give, devise and bequeath to his lawful issue, *per stirpes*, living at the time of his death, or, if he leave no lawful issue, to my said daughter, Anita R. Blun, the principal of said trust estate absolutely and freed from said trust." In that clause it was further provided: "I authorize

and empower the trustees to advance and pay out of the principal of the trust fund, created in this paragraph numbered Seventh of my will, not more than one-third thereof to my said son, F. Melville Blun, absolutely and freed from the trust, for the purpose of enabling him either to enter business or to invest or employ said moneys in any business venture, such amount to be advanced at one time or in installments, and the withholding or advancing thereof to be in the absolute and uncontrolled discretion of the said trustees." It is now claimed as to this one-third of the trust fund specified in the 7th paragraph of the will that the same is not presently taxable because of the power given to the trustee to advance to the life tenant one-third of the principal of said trust fund. Under section 230 of the Tax Law (Consol. Laws, chap. 60; Laws of 1909, chap. 62), as amended by chapter 800 of the Laws of 1911,* contingent remainders are presently taxable as of the death of the testator at the greatest rate for which they may be taxed in any contingency, with the right of rebate in case the remainder shall finally vest in a party in whose hands the same should be taxed at a lesser rate. It is clear, therefore, that this tax should not be suspended, but should be presently imposed, and the tax should be imposed upon the basis of the allowance of commissions both to the executors and trustees.

The order appealed from should, therefore, be so modified, with ten dollars costs and disbursements to the executors, and the matter remanded to the Surrogate's Court for appropriate action.

CLARKE, P. J., McLAUGHLIN, SCOTT and PAGE, JJ., concurred.

Order modified as stated in opinion, with ten dollars costs and disbursements to executors, and matter remitted to Surrogate's Court. Order to be settled on notice.

---

* Since amd. by Laws of 1916, chap. 550. — [REP.