Matter of the Estate of A. PAUL KEITH, Deceased.

(Surrogate's Court, New York County, January, 1921.)

Transfer tax — what subject to — non-residents — Tax Law, § 220(3).

Where a non-resident testator left a taxable estate in this state, the proper basis under section 220(3) of the Tax Law for prorating the various amounts taxable on the transfers under the will, is the total amount of the real and personal property transferred, and where the transfer tax appraiser did not include the real estate in his computations, the matter will be remitted to him for correction.

In a transfer tax proceeding the appraised value of the entire estate should be submitted under oath and not in the form of a letter by the attorney for the executors, setting forth his estimate of such value.

APPEAL from an order fixing the transfer tax.

Maurice Goodman, for executors.

Lafayette B. Gleason (Schuyler C. Carlton, of counsel), for State Comptroller.

FOLEY, S.   On this appeal the question arises as to the construction of section 220, subdivision 3, of the Tax Law.   The decedent, a non-resident, left a net taxable estate in New York, fixed by the appraiser in his report at $363,271.60.   In prorating the various amounts taxable on the transfers, the appraiser adopted the ratio between the property in New York and the entire personal estate, wherever situated. The executors claim that the proper basis for computing this ratio is the total amount of real and personal property transferred.   The subdivision provides as follows:  " Whenever the property of a resident decedent or the property of a non-resident decedent within this state, transferred by will, is not specifically bequeathed or devised, such property shall, for the purposes of this article, be deemed to be transferred proportionately to and divided pro rata among all the general legatees and devisees named in said decedent's will, including all transfers under a residuary clause of such will."   This amendment was adopted to prevent the abuse, which existed before its enactment, by reason of executors arbitrarily choosing to pay certain legacies exempt by our law out of the New York assets.   The purpose of the legislature was to provide for an equitable marshalling of the assets and

Surrogate's Court, New York County, January, 1921.    [Vol. 114.

to prevent the efforts of executors "to defeat the tax or reduce its amount by electing to devote particular parts of the estate to satisfy particular legacies." *Matter of Porter,* 67 Misc. Rep. 19. The law intends that the property shall be deemed transferred proportionately to and divided *pro rata* among all the legatees and devisees other than specific legatees and devisees. This comprehends the cash value of both the realty and personalty transferred. The comptroller's contention that the personal property is primarily liable for the payment of legacies has no application to this estate, for all the property is disposed of by the will. His construction would again create the discrimination sought to be cured. Such discrimination, however, would be exercised by the state and not by the representatives of the estate. The use of the word " devisees " is significant as showing a clear legislative intent to include the passing of real estate. The fallacy of the method of computation used by the appraiser is apparent, because the amount of the transfer passing to the residuary legatees is actually much larger (by reason of the omission of real estate) than the sums which he has adopted. All the other legatees suffer by this error. It is immaterial that in this estate the transfers to the legatees happen to be exempt. If they had not been exempt the general scheme of proportional division of the property subject to taxation in New York would be even more apparent. Although this method of computation has been used for some time, no objection to it seems to have been taken previously.

The appraiser erred, therefore, in not including the real estate in his computations. The matter is remitted to him for the purpose of taking proof as to the total value of all the general legacies and the residuary legacies transferred under the will. Incidental to

this question upon the rehearing the appraised value of the entire estate should be submitted under oath and not in the form of a letter supplied by the attorney setting forth his estimate thereof.

Appeal sustained.