# Matter of the Estate of LOUISA S. CANDA, Deceased.

(Surrogate's Court, New York County, January, 1921.)

**Transfer tax — what subject to — domicile — wills — statutes — power of appointment over personal property without state — Tax Law, §§ 220(6), 221(b), 230, 241.**

There is no sound reason why estates transmitted by means of powers of appointment created by will should not be governed by the same rules which control the devolution of estates by other methods.   (P. 166.)

The right to take property by devise or descent is not a natural right and the sovereign power of the legislature which confers this privilege may impose conditions thereon.   (P. 163.)

The state of the domicile of a decedent fixes the *situs* of his personal property for the purposes of taxation, although such property is actually without that state.   (P. 164.)

A transfer of trust property effected by the exercise by decedent, who died a resident of this state, of powers of appointment created by the will of her father and grandfather, who were residents of a sister state in which the trust property is located and where her will was probated, is subject to a transfer tax under section 220(6) of the Tax Law.   (Pp. 162, 163.)

Where, however, it appears that decedent by her will exercised the powers of appointment in favor of her trustees, with life estates to her children, and that the transfer to them is part of what they would have received under the wills of their ancestors if the powers had not been exercised, and said children elect to take under said wills, their life estates are not subject to a transfer tax.   (P. 164.)

The will of decedent herein provided that in default of the exercise of new powers of appointment given thereby the remainder should vest in the issue of her children or in default of issue in their next of kin under the law of the state in which the trust property was located.   Her executors appealed from an order assessing the tax, which included as taxable the transfers effected by the exercise of the powers of appointment, on the ground that if such transfers were taxable, the remainders should be suspended from taxation until the deter-

11

Surrogate's Court, New York County, January, 1921. [Vol. 114.

mination of the question whether the donees of the new powers shall exercise them. *Held*, that section 230 of the Tax Law, as amended in 1911, and section 241 of said statute, require that the tax upon the remainders shall be presently imposed; if the new powers are exercised by the children of decedent, no tax will be due from her estate, and a refund by the state may be compelled; if, however, the appointment is not made by their wills, the state will be protected. (Pp. 165, 166.)

Appeal of the executors against a tax under section 221(b) of the Tax Law, on securities in the trust fund in the sister state, sustained, but their appeal on the refusal to deduct the federal inheritance tax denied. (P. 167.)

Appeal from an order assessing the transfer tax.

Cadwalader, Wickersham & Taft (Francis Smyth and Edgar W. Freeman, of counsel), for executors.

Lafayette B. Gleason (Schuyler C. Carlton, of counsel), for state comptroller.

Foley, S. The executors appeal on several grounds from the order assessing the transfer tax. The first ground is that the appraiser has included as taxable property the transfers effected by the exercise of powers of appointment of parts of two trust estates. These powers were created by the wills of the father and grandfather of decedent, who were residents of Massachusetts. The decedent, who died April 18, 1919, was a resident of New York. The trust property is located in Massachusetts. The trustees are residents of that state, and the will of decedent was proved in Massachusetts. It is claimed by the executors that the statute is unconstitutional in its application to these transfers and that this court has no jurisdiction to assess a tax upon them. The appeal on this ground is overruled. Section 220, subdivision 6, of the Tax Law provides that as a condition of exercising a power of appointment it shall be ". deemed a transfer taxable under the provisions of this chapter

in the same manner as though the property to which such appointment relates belonged absolutely to the donee of such power and had been bequeathed or devised by such donee by will." The validity of this subdivision has been upheld in *Matter of Vanderbilt,* 50 App. Div. 246; affd., 163 N. Y. 597; *Matter of Dows,* 167 id. 227; affd., *sub nom. Orr* v. *Gillman,* 183 U. S. 278; *Matter of Delano,* 176 N. Y. 486; affd., *sub nom. Chanler* v. *Kelsey,* 205 U. S. 466. My distinguished predecessor, Surrogate Fowler, in *Matter of Frazier,* N. Y. L. J., March 28, 1912, held that where the original donor was a resident of Pennsylvania and the power was exercised by the donee, a resident of the state of New York, the appointment was a transfer taxable under this subdivision. Surrogate Ketcham of Kings county in *Matter of Seaman,* N. Y. L. J., Dec. 5, 1913, held to the same effect. In that case the fund over which the power was exercised was situated in Pennsylvania and was created by the will of a resident of that state. The power was exercised by a resident of New York by a will executed in this state. In *Matter of Hull,* 111 App. Div. 322; affd., 186 N. Y. 586, the Appellate Division, second department, held in the case of a non-resident donee that liability for an inheritance tax did not depend upon the location of the property, but where the beneficiary came into possession through the exercise of a privilege conferred by the state it was within the jurisdiction and dominion of the legislature to determine the question of taxation. The right to take property by devise or descent is a creature of the law and not a natural right; the sovereign power of the legislature which confers this privilege may impose conditions upon it. *Chanler* v. *Kelsey, supra.* It is immaterial that the will here was probated in Massachusetts. It was executed in New York by a New York resident, and prop-

Surrogate's Court, New York County, January, 1921. [Vol. 114.

erty in this state is being administered by executors named in the will. The *situs* of personal property is in the state of the domicile, although such property is actually without this state. *State of Colorado* v. *Harbeck,* 189 App. Div. 865, 872; *Bullen* v. *Wisconsin,* 240 U. S. 625; *Blackstone* v. *Miller,* 188 id. 189, 204; *Matter of James,* 144 N. Y. 6, 10; *Matter of Lydig,* 113 Misc. Rep. 263. The executors' contention cannot be sustained that the law of Massachusetts, where the trust estates are located, is applicable in this matter. *Walker* v. *Mansfield,* 221 Mass. 600, is cited by them. That case held that the exercise of the power of testamentary disposition by a resident donee appointing property located in Maryland, under a statute similar to ours, was not subject to a succession tax. The law of New York alone applies in this estate. " The power of every government over property within its jurisdiction and territorial limits extends to reasonable taxation for government support." *Matter of Majot,* 199 N. Y. 29; *Bullen* v. *State of Wisconsin,* 240 U. S. 625. Mrs. Canda was a resident of this state and her personal property wherever situated was within our jurisdiction for tax purposes. The legislature has declared the appointments made by her to be transfers of her property and they are taxable.

It appears, however, that her will exercised the powers in favor of her trustees with life estate to her children, and that the transfer to them is part of what they would have received under the wills of their ancestors if the powers had not been exercised. It is claimed that an election to take under the latter's wills had been made by the children. The appraiser therefore erred in including the value of their life estates as taxable (*Matter of Lansing,* 182 N. Y. 238; *Matter of Slosson,* 216 id. 79), and the report is remitted for the purpose of eliminating the values of

the life estates under the Sewall and Hubbard trusts.

*Second.* The executors' second ground of appeal is that if these transfers are taxable, the remainders should be suspended from taxation until it is determined whether the donees of the new powers given in Mrs. Canda's will shall exercise them. Her will provides that in default of the exercise of the powers, the remainders shall vest in the issue of her children, or in default of issue in their next of kin under the laws of Massachusetts. The appeal on this ground is denied. The donees of the new powers reside abroad, the son of Mrs. Canda in France, and the daughter in England. There is an ample fund in the state of New York now from which to pay the transfer tax. If this property be removed from the state in the course of administration, or on final distribution, there will be no funds available for the payment of the tax in case the remainders vest under the will of this decedent. It seems to me that the provisions of section 230 and of section 241 of the Tax Law contemplated the very situation existing here, and the impounding of sufficient assets to meet this contingency as a protection to the state treasury. Under her will the estates subject to contingencies are easily ascertainable, by computation, and come within rule 1 laid down in *Matter of Terry,* 218 N. Y. 218, 223. The contingencies in this estate are not mere possibilities of reverter, as in *Matter of Terry.* The probability of the vesting of the remainders in default of the exercise of the powers is not remote. *Crackanthorpe* v. *Sickles,* 156 App. Div. 753; Real Property Law, § 41. Since *Matter of Howe,* 86 App. Div. 286; affd., 176 N. Y. 570, the decisions of the Court of Appeals have progressively aided the state comptroller in securing the immediate payment of the tax upon transfers limited

on conditions and contingencies, and have given full vigor to the legislative plan of requiring the payment of taxes at the highest rate at which they might be taxed. *Matter of Zborowski,* 213 N. Y. 109; *Matter of Parker,* 226 id. 260. In the latter case Judge Cardozo clearly sets forth this policy as follows: "The purpose is to put at once into the treasury of the state the largest sum which in any contingency the remaindermen may have to pay. The remaindermen do not suffer, for when the estate takes effect in possession, there will be a refund of any excess (Tax Law, § 230). The life tenant does not suffer, or, at all events, not seriously, for interest is paid by the comptroller upon the difference between the tax at the highest rate and the tax that would be due if the contingencies or conditions had happened at the date of the appraisal (Tax Law, § 241). If the trustees prefer, they may deposit securities of approved value, and receive the accruing income (§ 241). To guard against shrinkage of values, the statute bids them pay the balance, if the deposit turns out to be too small. Everywhere the scheme disclosed is absolute safety for the state with a minimum of hardship for the life tenant. * * * Collection is imperilled when the state must keep track of the estate through all the changes and chances of an indefinite future. The path of safety is followed when collection is made at once." The amendments of 1911 to section 230 and the additional provisions for interest or income in favor of the beneficiaries in section 241 require that the tax shall be presently imposed and not suspended. There is nothing peculiarly sacred about estates which are transmitted by means of powers, and there is no sound reason why they should not be governed by the same rules which control the devolution of estates by other methods. *Farmers Loan & Trust Co.* v. *Kip,*

192 N. Y. 266, 278. If the powers are exercised by the children of Mrs. Canda, no tax will be due in this estate, and a refund by the state may be compelled under the law. If, however, the appointment is not made by their wills, the state will be protected. *Matter of Blun,* 176 App. Div. 189.

*Third.* The appeal of the executors on the inclusion of a tax under section 221-b of the Tax Law on the securities in the trust fund in Massachusetts is sustained. *Matter of Bowers,* 183 N. Y. Supp. 137.

*Fourth.* The appeal of the executors on the refusal of the appraiser to deduct the federal inheritance tax is denied. *Matter of Sherman,* 222 N. Y. 540; *Matter of Bierstadt,* 178 App. Div. 836.

Decreed accordingly.