Matter of the Estate of FRANK TRUMBULL, Deceased.

(Surrogate's Court, New York County, November, 1921.)

*Transfer tax — when contingent remainders taxable — Tax Law,*
*§ 241 — refund under section 230 — taxation against one per*
*cent class.*

APPEAL by executor from order of transfer tax
appraiser.

Rearick, Dorr & Travis (James H. Purdy, Jr., of
counsel), for executor.

Lafayette B. Gleason (Schuyler C. Carlton, of
counsel), for state tax commission.

FOLEY, S. The executor appeals from the order fix-
ing tax on two grounds: *first,* that the remainders are
not taxable until the exercise of the power of appoint-
ment; *second,* that the order improperly provides that
the remainder interest should be taxed against the
five per cent class instead of the one per cent class.

On the first ground the contention of the executor
must be overruled. The decedent died on the 12th day
of July, 1920. By his last will he gave to his trustees
certain funds with income for life to his son, Roscoe
A. Trumbull, with power of appointment by will to the
latter over the principal. In default of the exercise
of the power the remainders are to pass to the issue
of the son living at the time of his death. The remain-
der is, therefore, contingent. *Matter of Buechner,* 226
N. Y. 440. Section 241 of the Tax Law (added by
chapter 800 of the Laws of 1911) makes clear the legis-
lative intent of requiring prompt payment of taxes at
the highest rate at which they may be taxed and the
immediate imposition of taxes on remainders subject
to conditions and contingencies. *Matter of Zborowski,*

213 N. Y. 109; *Matter of Parker,* 226 id. 260. In the latter case Judge Cardozo clearly sets forth this policy as follows: " The purpose is to put at once into the treasury of the state the largest sum which in any contingency the remaindermen may have to pay. The remaindermen do not suffer, for when the estate takes effect in possession there will be a refund of any excess (Tax Law, § 230). The life tenant does not suffer, or, at all events, not seriously, for interest is paid by the comptroller upon the difference between the tax at the highest rate and the tax that would be due if the contingencies or conditions had happened at the date of the appraisal (Tax Law, § 241). If the trustees prefer they may deposit securities of approved value and receive the accruing income (§ 241). To guard against shrinkage of values, the statute bids them pay the balance, if the deposit turns out to be too small. Everywhere the scheme disclosed is absolute safety for the state, with a minimum of hardship for the life tenant. * * * Collection is imperiled when the state must keep track of the estate through all the changes and chances of an indefinite future. The path of safety is followed when collection is made at once."

By the same amendment in 1911 this legislative purpose was emphasized by providing in section 230 of the Tax Law for the entry of a temporary order. These amendments, and the recent decisions of the Court of Appeals, *supra,* have entirely overcome the force and reason expressed in the opinion of *Matter of Howe,* 86 App. Div. 286; affd., 176 N. Y. 570, which held that taxation should be suspended where the power given was absolute. At the time of the latter decision, subdivision 6 of section 220 of the Tax Law provided for the taxation in the estate of the donee of the property affected by the exercise (or non-exercise) of the power. Apparently the court regarded this language as assur-

ing the taxation of the property in the grantee's estate only. Subsequent to this decision in 1904, the Court of Appeals held that the statutory provisions for the tax in the donee's estate on the non-exercise of the power were unconstitutional. *Matter of Lansing,* 182 N. Y. 238. It will be noted that the provisions of section 241 were not effective until July 28, 1911. In the present estate, the power of appointment given in this will is not absolute under our Real Property Law (§§ 149 to 153), because the power was accompanied by a trust and the donee is the beneficiary of the trust and not the owner of *a legal estate for life or for years. Matter of Howe, supra,* relied on by the executor, would in no event be applicable to this estate for there the power was absolute. An examination of the case on appeal shows that there was a legal life estate in the donees of the power by reason of the merger of title in the trustees and equitable life tenants. *Greene* v. *Greene,* 125 N. Y. 506. The power given by the will here is a general beneficial power but with an equitable life estate in the donee, and under the statutes noted and authorities in this state is not absolute. *Cutting* v. *Cutting,* 86 N. Y. 522; *Rose* v. *Hatch,* 125 id. 427; *Hume* v. *Randall,* 141 id. 499. It is entirely possible that the power of appointment, conferred by this testament, will not be exercised, and the taxation will, therefore, be ultimately assessed in the donor's estate. A recent example is *Matter of Duff,* 114 Misc. Rep. 309; affd., 196 App. Div. 969. In that case the power was invalidly exercised by the donee and the transfer took place in the donor's estate. The entire fund was there taxed. In many cases also the appointees elect to take under the grantor's will and the tax is paid in the grantor's estate. *Matter of Lansing, supra; Matter of Ripley,* 192 N. Y. 536; *Matter of Slosson,* 216 id. 79; *Matter of Chauncey,* 102 Misc. Rep. 378. Section 222 of the Tax

Law does not apply to the taxation of these remainders, because their fair market value can be and has been ascertained in this proceeding. The policy of presently taxing the remainders results in real advantage to the beneficiaries of the estate for the reasons pointed out in *Matter of Parker, supra*. The deposit is of added benefit to the estate because the tax is lower if presently fixed should the remainders pass in this estate. If the power is finally exercised, the deposit will be returned to the legal representatives of the father's estate. If the taxation should now be suspended, and the life tenant should not appoint under the power, section 230 provides that the tax shall be fixed at the time the remainders vest in possession and enjoyment in the donor's estate on the full undiminished value of the entire trust fund. In this estate the tax on the value of the remainder presently payable under section 241 would be at the rates within the one per cent class on $126,149.47. If on the other hand the plan contended for by the executor was adopted the tax would be upon the full and undiminished value of the trust fund without deduction of the value of the life estate and would be based upon $434,292.47.

The opinion of the Appellate Division in *Matter of Canda*, N. Y. L. J., July 9, 1921, did not determine the question here involved, as the Appellate Division did not consider that part of the decision below.

*Second.* The appeal upon this ground is sustained. No provision was made in the will of decedent for the disposition of the remainders in case his son should die without issue and without having exercised the power of appointment. In this contingency the estate would vest as a reversion in the son as the sole next of kin of decedent. *Duff* v. *Rodenkirchen*, 110 Misc. Rep. 575. Under the donor's will the remainders therefore must ultimately pass to a person in the one

per cent class. *Matter of Zborowski, supra.* The tax should, therefore, be fixed at that rate and the order should be modified accordingly.

Submit order on notice in accordance with this decision.

Ordered accordingly.