In the Matter of the Estate of STEPHEN H. PALMER, Deceased.

Surrogate's Court, New York County, October 8, 1925.

Taxation — transfer tax — non-resident decedent died after exercising by his will powers of appointment granted by wills of his father and mother — powers were in trust and could not be exercised for benefit of donee himself — appointed property cannot be charged with funeral and administration expenses and decedent's debts under Tax Law, § 220, subd. 6.

Upon a transfer tax proceeding in the estate of a non-resident, who died after exercising by his will powers of appointment granted by the wills of his father and mother, the appointed property, the only transfer taxable in this State, cannot be charged with the funeral and administration expenses and debts of decedent under subdivision 6 of section 220 of the Tax Law, since the powers were not absolute but in trust and could not be exercised for the benefit of the donee himself.

The usual rule of administration of estates, requiring the payment of debts and administration expenses out of the general estate of the donee, has not been altered. The character of the appointed property is changed by statute solely for transfer tax purposes.

APPEAL by executor from order fixing transfer tax.

*Bleecker & Tuckerman*, for the executor.

*Charles A. Curtin*, for the State Tax Commission.

FOLEY, S. This appeal is taken by the executor from the order fixing the transfer tax on the ground that no deduction was made from the taxable value of the estate transferred for the pro-rated amount of the funeral and administration expenses, debts and commissions. The question to be determined is whether such items may be deducted from the value of the appointed property under the provisions of section 220, subdivision 6, of the Tax Law, which provides that the exercise of a power of appointment in

MATTER OF PALMER.			**783**

Misc. 782]	Surrogate's Court, New York County, October, 1925.

the donee's estate shall be deemed a taxable transfer in the same manner as if the property to which such appointment relates " belonged absolutely to the donee of such power and had been bequeathed or devised by such donee by will."

Decedent, a non-resident, died August 25, 1923, exercising by his will, powers of appointment granted by the wills of his father and mother. The appointed property was the only transfer taxable in this State.

The appeal is denied. The powers were not absolute but in trust and could not be exercised for the benefit of the donee himself. (*Cutting* v. *Cutting*, 86 N. Y. 522; *Matter of Trumbull*, 117 Misc. 812; affd., 203 App. Div. 854.) The appointed property cannot be charged, therefore, with the funeral and administration expenses and debts of decedent. (*Hirsch* v. *Bucki*, 162 App. Div. 659; *Cutting* v. *Cutting, supra*.) In the *Hirsch* case one of the points at issue was whether property passing under a power of appointment was subject to the debts of the donee. The facts were quite similar to those in the present case. In his opinion, Mr. Justice CLARKE said referring to the donee of the power: " He left certain property which belonged to him in his lifetime. His debts were chargeable against this property. But he gave, devised and bequeathed all the rest, residue and remainder of his property, both real and personal, to his wife, naming her. By virtue of the statutes the property embraced within the power passed by the will to her. This property never belonged to him." " He had a general beneficial power of appointment which merely gave him the right to name *by his will* the person entitled to take upon the termination of the trust estate upon his death. He was not given a power of disposition by which he was enabled in his lifetime to dispose of the entire fee for his own benefit. The title passed from his mother to her trustees and from them to his appointee, by virtue of her will. The title never vested in him or passed through him." So here the appointed property passed as a transfer to the appointees free from any deduction for debts or other charges which in the course of administration must be paid out of the general estate of the decedent.

The statutory assumption of the ownership of the property in the donee, created by subdivision 6 of section 220 of the Tax Law, is made only for the purpose of subjecting the transfer to a tax. (*Matter of Delano*, 176 N. Y. 486; affd., in *Chanler* v. *Kelsey*, 205 U. S. 466; *Matter of Dows*, 167 N. Y. 227; *Matter of Vanderbilt*, 50 App. Div. 246; affd., 163 N. Y. 597.) The character of the appointed property is changed by statute solely for transfer tax purposes. The usual rule of administration of estates, requiring

the payment of debts and administration expenses out of the general estate of the donee has not been altered.

The authorities cited by the appellant (*Matter of Keith*, 114 Misc. 86; *Matter of Nesbitt*, 204 App. Div. 504; affd., 237 N. Y. 527; *Matter of Taylor*, 121 Misc. 7) have no bearing on the question involved in this appeal. Those cases held that the real property of which a decedent died seized and possessed in his own right and ultimately liable for his debts, should be included with the personalty in the pro-ration of debts and administration expenses. The order fixing tax is affirmed.